IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 04-cv-02223-WDM-OES

JOYCE M. VOGEL, on her own behalf as surviving spouse of Paul Vogel, and on behalf of the Estate of Paul Vogel,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

Miller, J.

This matter is before me on Defendant's Motion for Summary Judgment and Brief in Support Thereof (doc no 17). I have reviewed the parties' written arguments and the evidence presented with their briefs and find that oral argument is not required. For the reasons that follow, I will grant the motion.

### Background[1]

This case arises out of the death of Paul Vogel, who was piloting a glider tow plane that crashed near the Air Force Academy ("AFA") airport on April 26, 2002. At the time, Vogel, a retired United States Air Force fighter pilot, was employed as a pilot by Doss Aviation, Inc. ("Doss"). Doss had contracted with the Air Force to provide tow plane services at the AFA. Doss provided workers' compensation insurance to its employees

---

[1] Unless otherwise noted, the following facts appear to be undisputed.

and Vogel's estate received workers' compensation benefits in connection with Vogel's death.  The accident arose out of and in the course of Vogel's employment with Doss. Plaintiffs filed this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2674 *et seq.* seeking recovery under the Colorado Wrongful Death Act, C.R.S. § 13-20-101 and damages for loss of consortium.

Defendant moves for summary judgment on the grounds that it is a statutory employer pursuant to Colorado's workers' compensation statute and is therefore immune from liability in tort.  *See* C.R.S. § 8-41-401.[2]  I agree.  Therefore, because Plaintiffs' exclusive remedy against an employer is as provided under the workers' compensation scheme, which has already been awarded, their claims are barred.

## Standard of Review

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56. A factual issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Where the moving party bears the burden of persuasion at trial, it "must support its motion with credible evidence–using any of the materials specified in Rule 56(c)–that would entitle it to a directed verdict if not controverted at trial."  *Anderson v. Dep't of Health & Human Servs.*, 907 F.2d 936, 947 (10th Cir. 1990).  If this burden is met, the party

---

[2]References to this section are to the statute as it existed at the time of Vogel's death in 2002.  As discussed further below, in 2004 the General Assembly amended this provision to clarify the scope of certain exceptions to the statutory employer definition.

opposing summary judgment must then produce evidence that demonstrates the existence of a genuine fact issue for trial.  *Id.*

### Discussion

"The FTCA provides that the United States shall be liable under state tort law only 'in the same manner and to the same extent as a private individual under like circumstances.' " *Nationwide Mut. Ins. Co. v. United States*, 3 F.3d 1392, 1396 (10th Cir. 1993) (quoting 28 U.S.C. § 2674).  The parties do not dispute that Colorado substantive law applies to this dispute.  *See Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1117 (10th Cir. 2004).

The Colorado Workers' Compensation Act ("Act") is intended to provide a remedy for job-related injuries without regard to fault; in return for providing an injured employee compensation, the responsible employer is granted immunity from common law negligence liability.  *Finlay v. Storage Technology Corp.*, 764 P.2d 62, 63 (Colo. 1988).  To be afforded this immunity, an employer must be a "statutory employer" as contemplated by the Act.  *Id.*

One provision of the Act extends liability for workers' compensation coverage, and thus immunity, to individuals and entities that contract or lease out any part of their work.  C.R.S. § 8-41-401.  The 2002 version of the statute, which is substantially the same as the one now in force, provided as follows: "Any person, company, or corporation operating or engaged in or conducting any business by leasing or contracting out any part or all of the work thereof to any lessee, sublessee, contractor, or subcontractor, irrespective of the number of employees engaged in such work, shall be construed to be an employer . . . and

3

shall be liable . . . to pay compensation for injury or death resulting therefrom to said lessees, sublessees, contractors, and subcontractors and their employees or employees' dependents . . . ." C.R.S. § 8-41-401(1)(a).

If the lessees, contractors, or subcontractors have obtained their own insurance, the employee cannot reach "upstream" to the contracting employer to establish tort liability. *Finlay*, 764 P.2d at 64 (citation omitted); C.R.S. § 8-41-401(2). The test for determining whether the contracting employer is a statutory employer is whether the work contracted out is part of the "regular business" of the alleged employer. *Id.* This test is satisfied "where the disputed services are such a regular part of the statutory employer's business that absent the contractor's services, they would of necessity be provided by the employer's own employees." *Id.* at 66. The regular business test is defined by the employer's total business operation, considering the elements of routineness, regularity, and the importance of the contracted service to the regular business of the employer. *Id.* at 67 (holding that janitorial services were integral part of company's total business enterprise as manufacturer of computer equipment).

The statute contains three exceptions to the statutory employer definition: (1) the lessee, sublessee, contractor, or subcontractor is an independent contractor; (2) the person working for the lessee, sublessee, contractor, or subcontractor is a working general partner or the sole proprietor and is not covered under a policy of workers' compensation insurance; (3) if the corporate officer or member working for such lessee, sublessee, contractor, or subcontractor has executed and filed an election to reject coverage. C.R.S. § 8-41-401(a)(I)-(III) (2002). The second two exceptions are not relevant here. However,

at the time the parties filed their briefs, a division of the Colorado Court of Appeals had determined that the first exception (independent contractor) applied to business entities as well as to individuals. *See Newsom v. Frank M. Hall & Co.,* 101 P.3d 1107 (Colo. App. 2004). Accordingly, under this interpretation, in order to qualify as a statutory employer, Defendant would have had to show that Doss, the contractor for whom Vogel worked, was not an independent contractor of the AFA or the Air Force.

After briefing was completed in this matter, the Colorado Supreme Court reversed the decision of the Court of Appeals in *Newsom*. *See Frank M. Hall & Co. v. Newsom*, 125 P.3d 444 (Colo. 2005).[3] The Colorado Supreme Court, examining the history of the statute and the purposes it was intended to serve, held that the independent contractor exception applies to "only those subcontractors who are natural persons and are acting independently [as defined by statute]." 125 P.3d at 451. Even before this reversal, the General Assembly, identifying the Court of Appeals' decision in *Newsom* by name, also amended the statute to clarify that the independent contractor exception applies only to natural persons. *See* § 8-41-401(1)(a.5) (2006) ("The general assembly hereby finds and determines that the decision of the Colorado court of appeals in the case of *Newsom v. Frank M. Hall & Co.*, No. 02CA1375 (February 26, 2004), in which the court held that an independent contractor may be an entity other than a natural person, did not accurately reflect the intent of the general assembly when it passed Senate Bill 93-132 and Senate Bill 95-072. The general assembly hereby declares that the term "individual", as used in

---

[3] Neither party brought this case to the Court's attention even though it was decided in December, 2005.

this section and in section 8-40-202, means a natural person."). Accordingly, even if Doss were an independent contractor, Defendant can still establish its statutory employer defense if it satisfies the other elements of the test.

There is no question that Vogel himself was an employee of Doss and not an independent contractor, as evidenced by the workers' compensation award on Doss's insurance policy, and so this exception does not apply.

The only remaining issue, then, is whether the work of glider towing was a regular part of the Air Force and AFA's operations.  The evidence presented by both Defendant and Plaintiffs establishes that flight training, including glider training, is part of the AFA's regular operations.  Moreover, evidence from both parties demonstrates that towing services in support of that training have been ongoing for years and are thus a routine and regular component of that training.  *See* Declaration of Col. Paul Ackerman ¶¶ 5-6; Declaration of William A. Fischer  ¶¶ 3-8.  *Cf. Frazier v. Kysor Indus. Corp.,* 43 Colo. App. 287, 607 P.2d 1296 (1979) (distributor of four-ton transverse plate saw not liable as statutory employer for injury incurred by moving company employee during moving of saw; given the nature of its business, terms of contract with moving company, and fact that it had no history of moving large equipment itself, there no error in finding that moving the saw was not within distributor's normal business activity); *rev'd on other grounds, Kysor Indus. Corp. v. Frazier*, 642 P.2d 908 (Colo. 1982).

Plaintiffs have offered no evidence to dispute that glider training is part of the regular business of the AFA and that towing services are integral to that training.  Although the parties offer conflicting statements concerning the feasibility of a self-launching glider

6

systems and whether the Air Force is prepared to immediately provide its own towing services rather than contracting, these matters are immaterial. The essential point is that in order to teach cadets how to fly gliders, the Air Force or AFA has to get the gliders in the air, which it can do using its own equipment and personnel or by using those of a contractor. Plaintiffs have offered absolutely no evidence tending to show that the need for glider tow services, such as those provided by Doss, is so incidental, extraordinary, or removed from the core operations of the AFA that it cannot be considered part of its regular business. Instead, Plaintiffs only attack Defendant's evidence, arguing that the facts contained in the affidavits offered by Defendant are inadmissible and that Defendant is required to present more evidence to show that glider training is an important part of the AFA's program. I disagree. The evidence presented is admissible and sufficient to establish the statutory employer defense. Since there are no genuine issues of material fact relating to Defendant's status as a statutory employer, I conclude that Defendant is immune from tort liability and is entitled to judgment as a matter of law.

Accordingly, it is ordered:

1. The motion for summary judgment is granted.

2. All claims asserted against Defendant are dismissed with prejudice.

DATED at Denver, Colorado, on January 12, 2007.

BY THE COURT:

s/ Walker D. Miller
United States District Judge